UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARTARIES WILSON<br>*Plaintiff*<br><br>VERSUS<br><br>MARQUETTE TRANSPORTATION COMPANY, LLC<br>*Defendant* | CIVIL ACTION NO. 22-3765<br><br>SECTION: M; DIVISION: 5<br><br>JUDGE: ASHE<br><br>MAGISTRATE: NORTH |

## MARQUETTE'S WITNESS AND EXHIBIT LIST

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Marquette Transportation Company, LLC ("Marquette"), who, pursuant to the Court's Scheduling Order [R. Doc. 17], provides the below preliminary Witness and Exhibit List:

### WITNESS LIST

Marquette may call the following witnesses at trial:

1. Plaintiff, Chartaries Wilson
   c/o Counsel of Record
   Fact Witness: may testify regarding the facts concerning Plaintiff's alleged incident, his work on board the ST MATTHEW, his training, his education, his maritime experience, maintenance and cure payments received, his ability to return to work, his medical treatment including his diagnosis and prognosis, and any other relevant topics.

2. Capt. Anthony Sevin
   Employee of Marquette
   5736 Tamarack Drive
   Pace, FL 32571
   Fact Witness: may testify regarding the facts leading up to and following Plaintiff's alleged incident, his work aboard the ST MATTHEW and other vessels, Marquette's policies and procedures relating to safety and safe line handling, Marquette's training, routine tasks of crew members, stop work authority, tow operations, use and handling of face wires, the configuration and layout of the ST MATTHEW, and any other relevant topics.

3. Demarcus Jackson
   Former Employee of Marquette
   200 Kyle Road, Apt. H22

Ferriday, LA 71334
Fact Witness: may testify regarding the facts leading up to and following Plaintiff's alleged incident, his work aboard the ST MATTHEW, Marquette's policies and procedures, Marquette's training, routine tasks of crew members, stop work authority, tow operations, use and handling of face wires, and any other relevant topics.

4. Zachary Ray
   Current Employee of Marquette
   6751 Highmont Drive
   Theodore, AL 36582
   Fact Witness: may testify regarding the facts concerning Plaintiff's alleged incident, his work aboard the ST MATTHEW, Marquette's policies and procedures relating to safety, Marquette's training, the operational capabilities of the ST MATTHEW, routine tasks of deckhands, and any other relevant topics.

5. Cardell Magee
   Former Employee of Marquette
   6194 Magnolia Progress Rd.
   Magnolia, MS 39652
   Fact Witness: may testify regarding the facts concerning Plaintiff's alleged injuries, his work aboard the ST MATTHEW, Marquette's policies and procedures relating to safety, Marquette's training, the operational capabilities of the ST MATTHEW, routine tasks of deckhands, and any other relevant topics.

6. Ryan Malone
   Former Employee of Marquette
   144 Hemphill Lane
   Ruston, LA 71270
   Fact Witness: may testify regarding the facts concerning Plaintiff's alleged incident, his work aboard the ST MATTHEW, Marquette's policies and procedures relating to safety, Marquette's training, the operational capabilities of the ST MATTHEW, routine tasks of deckhands, and any other relevant topics.

7. Ronnie P. Dupuy
   Claims and Risk Manager
   Marquette Gulf-Inland, LLC
   Fact Witness: may testify regarding the facts concerning Plaintiff's alleged injuries and his post-incident medical treatment, the payment of maintenance and cure, and any other relevant topics.

8. Ryan Peters
   Marquette
   Fact Witness: may testify regarding the facts concerning Plaintiff's alleged injuries and his post-incident medical treatment, Marquette's attempts to contact Plaintiff, and any other relevant topics.

9. Brittany Potter
   HR Coordinator
   Marquette
   Fact Witness: may testify regarding Marquette's attempts to contact Plaintiff post-incident and Plaintiff's administrative termination, and any other relevant topics.

10. Capt. Erik Oberlin
    3D Marine USA, Inc.
    12411 Donna Lake
    Houston, TX 77067
    An expert witness in vessel navigation, vessel operations and marine safety to provide testimony as to various liability issues related to Plaintiff's alleged incident, including maritime procedures, regulations and industry standards, safe line handling techniques, responsibilities of deckhands, proper training, stop work authority, tow operations, use and handling of face wires, routine tasks of deckhands, the configuration and layout of the ST MATTHEW, his inspection of the ST MATTHEW, and any other topics contained within his report.

11. John Theriot, Jonathan Stoltz, or Jason Schellhaas[1]
    Malcolm Dienes, LLC, Certified Public Accountants
    611 N. Causeway Blvd.
    Metairie, LA 70001
    An expert witness to provide testimony as a wage loss expert concerning the calculation of Plaintiff's economic wage loss, if any, as a result of the alleged injuries, the present value calculations of any future life care plan submitted by Plaintiff, and any other topics contained within his report.

12. Nancy Favaloro, M.S., CRC, CCM, LRC
    Seyler Favaloro, Ltd.
    1615 Poydras St., Suite 1040
    New Orleans, LA 70112
    An expert witness to provide testimony relating to Plaintiff's vocational rehabilitation, including but not limited to, vocational and earning capacity, lost earnings, cost of replacement labor and lost ability/time in performing household services, the reasonableness of charges of any life care plan submitted by Plaintiff, and any other topics contained within her report.

13. Dr. Gabriel Tender
    LSU Healthcare Network
    3700 St. Charles Ave., 3rd Floor
    New Orleans, LA 70115
    A board certified neurosurgeon to provide expert testimony concerning Plaintiff's alleged injuries, including interpretation of all films and findings thereof,

---

[1] It is anticipated that Mr. Theriot will testify at the trial of this matter. In the event of a conflict, Mr. Stoltz or Mr. Schelhaas may testify. Marquette will provide notice to Plaintiff in advance of trial.

diagnostic imaging and findings thereof, nerve conduction studies and findings thereof, and any other testing and findings thereof relating to Plaintiff's alleged lumbar spine issues, expected maximum medical improvement, the necessity and reasonableness of medical care included in Plaintiff's life care plan, specifically, Dr. Tender will testify that he does not believe the medical treatment contained in Plaintiff's lifecare plan is necessary or reasonable, and any other topics contained within his report(s), including causation and pre-existing injuries, if any.

14. A duly authorized corporate representative(s) of Marquette
c/o Jones Walker
Fact Witness: may testify regarding the facts concerning Plaintiff's alleged incident, Plaintiff's work aboard the ST MATTHEW, Marquette's policies and procedures relating to safety and safe line handling practices, Marquette's training, the payment of maintenance and cure to Plaintiff, the authorization of medical treatment on behalf of Plaintiff, the configuration and layout of the ST MATTHEW, and any other relevant topics.

15. A duly authorized corporate representative(s) of any other prior employers of Plaintiff
Fact Witness: may testify regarding Plaintiff's prior employment, his job duties, his training, his experience, and any other relevant topics related to Plaintiff's prior employment.

16. Pierre Gautreaux
Tidelands Claim Management, LLC
601 S. Tyler Street
Covington, LA 70433
Mr. Gautreaux may testify as a fact and expert witness regarding the reasonable costs of medical care and the payment and negotiation of medical expenses in the treatment of Plaintiff and any other related matters.

17. Any and all medical providers or health care providers to Plaintiff, including but not limited to the following providers:

    a. Jennifer Johnson, APRN

    b. HealthWorks Medical, LLC

    c. Dr. Robert Garneau

    d. ISR Physical Therapy

    e. Lundberg Medical Imaging

    f. WestChase Diagnostic Imaging Center, LLC

    g. Dr. Chad Porter

h.   Bingle Chiropractic Clinic

   i.   Reza Donesh, D.C.

   j.   Merit Health

   k.   Next Generation Ortho and Spine

   l.   Dr. Anthony Owusu

   m.   Murphy Chiropractic

   n.   Dr. Aaron J. Murphy, D.C.

   o.   Dr. Peter Liechty

   p.   ONE Spine Institute

   q.   Crescent View Surgery Center

   r.   Segura Neuroscience and Pain Center

   s.   Dr. Ronald Segura

   t.   Avala

   u.   Walgreens

18. A yet to be identified expert to perform a functional capacity evaluation of Plaintiff, if necessary;

19. Custodian of Records for Marquette;

20. Custodian of Records for any of Plaintiff's Prior Employers;

21. Any and all fact and expert witnesses listed by Plaintiff, including any and all fact and expert witnesses listed by Plaintiff in the future;

22. Any witness identified through the course of discovery;

23. Any witness needed to authenticate any document, photo or video, including but not limited to any record custodian;

24. Any witness necessary for impeachment purposes;

25. Any witness necessary for rebuttal; and

26. Any expert to testify as to any issue disclosed by Plaintiff in this litigation.

Marquette reserves the right to amend this Witness List as discovery progresses and/or as permitted.

**EXHIBIT LIST**

Marquette may utilize the following exhibits at trial:

1. Vessel Incident Report (MARQUETTE 1-2);

2. Handwritten Statement of Plaintiff (MARQUETTE 3);

3. Plaintiff's Personnel File (MARQUETTE 5-101);

4. Plaintiff's Deckhand Orientation & Basic Awareness Training (MARQUETTE 91);

5. Plaintiff's Payroll Records (MARQUETTE 386);

6. Plaintiff's Pre-Employment Physical Examination Records (MARQUETTE 102-137);

7. Daily Boat Logs of the ST MATTHEW (MARQUETTE 227-259);

8. Voyage Plans for the ST MATTHEW (MARQUETTE 260-280);

9. The Deckhand's Manual (MARQUETTE 282-385);

10. General Arrangement of ST MATTHEW (MARQUETTE 486-492);

11. Certificate of Documentation (MARQUETTE 493-494);

12. Certificate of Inspection (MARQUETTE 495-497);

13. Records of Safety Meetings aboard ST MATTHEW (MARQUETTE 498-501);

14. Capt. Anthony Sevin's Mariner Credentials (MARQUETTE 502-504);

15. Photographs and Videos of the ST MATTHEW, its appurtenances and equipment;

16. Relevant Portions of Marquette's SMS Manual;

17. Any Safety Videos watched by Plaintiff;

18. Plaintiff's W-2's;

19. Plaintiff's Tax Returns;

20. Plaintiff's Social Security Records;

21. Correspondence re: Plaintiff's Termination (MARQUETTE 203-205);

22. Correspondence from HealthWorks (MARQUETTE 212);

23. Correspondence between Marquette and/or Tidelands Claim Management, LLC and Plaintiff's Medical Providers re: Payment of and Authorization for Cure Expenses;

24. Records of Payment of Maintenance and Cure or Summary of Same;

25. Certified medical records, therapy records, pharmacy records, medical reports, medical films, diagnostic and neurological imaging, including but not limited to MRIs, CT scans, X-rays, and nerve conductions studies, and all documentation regarding Plaintiff's past and future medical treatment including records from:

    a. Jennifer Johnson, APRN

    b. HealthWorks Medical, LLC

    c. Dr. Robert Garneau

    d. Lundberg Medical Imaging

    e. WestChase Diagnostic Imaging Center, LLC

    f. Dr. Chad Porter

    g. Bingle Chiropractic Clinic

    h. Reza Donesh, D.C.

    i. Merit Health

    j. Next Generation Ortho and Spine

    k. Dr. Anthony Owusu

    l. Murphy Chiropractic

    m. Dr. Aaron J. Murphy, D.C.

    n. Dr. Peter Liechty

    o. ONE Spine Institute

    p. Crescent View Surgery Center

q. Segura Neuroscience and Pain Center

r. Dr. Ronald Segura

s. Avala

t. Walgreens

u. Any and all other medical records, therapy records, medical reports, medical films, and all documentation regarding Plaintiff's past and future medical treatment from any other medical provider.

26. Surveillance Footage and Photographs of Plaintiff, if any, for impeachment purposes only;

27. Any document produced in discovery by Plaintiff and all answers and/or responses to Interrogatories or Requests for Production;

28. Any documents obtained by subpoena *duces tecum* and/or letters rogatory issued in this matter;

29. Any other deposition videos, transcripts and exhibits attached thereto or any witness deposed in this matter;

30. Any other document relied upon by any expert in issuing a report or offering opinions;

31. Any medical records relied upon by any expert in issuing a report or offering opinions;

32. Any Exhibit listed or identified by Plaintiff in his Exhibit List;

33. Any demonstrative evidence that may be necessary, including enlarged photographs of the ST MATTHEW as well as representative face wires and winches; and

34. Any document for impeachment purposes.

Marquette reserves the right to amend this Exhibit List as discovery progresses and/or as permitted.

Respectfully submitted,

*/s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY (La. Bar No. 17831)
SARA B. KUEBEL (La. Bar No. 38305)
JONES WALKER, LLP
201 St. Charles Avenue – 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8616
Facsimile:   (504) 589-8616
Email:       jtillery@joneswalker.com
             skuebel@joneswalker.com

***Attorneys for Defendant, Marquette Transportation Company, LLC***