UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARTARIES WILSON                                             CIVIL ACTION

VERSUS                                                        NO. 22-3765

MARQUETTE TRANSPORTATION                                      SECTION M (5)
COMPANY, LLC

## ORDER & REASONS

Before the Court is a motion of defendant Marquette Transportation Company, LLC ("Marquette") for partial summary judgment on non-pecuniary damages.[1] This is a maritime personal injury case. Plaintiff Chartaries Wilson, a deckhand employed by Marquette, alleges that he sustained injuries to his lower back and neck while aboard the M/V *St. Matthew*.[2] Wilson brought suit against Marquette, alleging claims for Jones Act negligence, unseaworthiness, and maintenance and cure,[3] and seeking the following damages:

1. Loss of wages and fringe benefits, past, present and future, and loss of earning capacity, past, present and future, an amount reasonable in the premises to be determined at the trial of this matter;

2. Physical and mental pain and suffering, past and future, an amount reasonable in the premises to be determined at the trial of this matter;

3. Permanent disability and loss of enjoyment of life, an amount reasonable in the premises to be determined at the trial of this matter;

4. Medical expenses, past and future, an amount reasonable in the premises to be determined at the trial of this matter;

5. Loss of found, an amount reasonable in the premises to be determined at the trial of this matter;

---

[1] R. Doc. 20.
[2] R. Doc. 1 at 2.
[3] *Id.* at 1.

    6. Scarring and disfigurement, an amount reasonable in the premises to be determined at the trial of this matter; and

    7. Any other damages recoverable under the law in amounts reasonable in the premises.[4]

Marquette filed the instant motion for partial summary judgment, seeking dismissal of the categories of non-pecuniary damages listed in plaintiff's complaint, such as loss of enjoyment of life and scarring and disfigurement.[5] In response, Wilson concedes that the non-pecuniary damages of loss of enjoyment of life and scarring and disfigurement are not available under the Jones Act but nonetheless states that he "seeks to recover any and all pecuniary *and non-pecuniary* damages to which he is entitled by law, including all categories set forth" in *Dunn v. Marquette Transportation Co.*, 2017 WL 3887521 (E.D. La. Sept. 6, 2017) (awarding plaintiff past and future wages, past and future fringe benefits, past and future medical expenses, and past and future pain and suffering), *aff'd*, 744 F. App'x 888 (5th Cir. 2018).[6]

"Nonpecuniary damages are those that are 'incapable of being defined by any recognized measure of value,' such as damages for loss of society or damages for grief or mental anguish." *Lewis v. Noble Drilling Servs., Inc.*, 2016 WL 3902597, at *3 (E.D. La. July 19, 2016) (quoting *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 386 (5th Cir. 2014) (en banc)). In *McBride*, the Fifth Circuit confirmed that, under both the Jones Act and general maritime law, a seaman's damages for personal injury are limited to pecuniary losses. 768 F.3d at 389 (citing *Miles v. Apex Marine Corp.*, 498 U.S. 19, 32-33 (1990)). Other sections of this court have since routinely followed *McBride* in similar cases to exclude non-pecuniary damages such as loss of enjoyment

---

[4] *Id.* at 3.
[5] R. Doc. 20-1 at 1, 7-8.
[6] R. Doc. 29 (emphasis added).

of life and mental anguish, *In re Adriatic Marine, LLC*, 2022 WL 1239950, at *2 (E.D. La. Apr. 27, 2022), and punitive damages and loss of consortium, *Lewis*, 2016 WL 3902597, at *4.

The Court therefore finds that Wilson is not entitled to damages for loss of enjoyment of life, scarring and disfigurement, or any other non-pecuniary damages. However, as Marquette admits,[7] damages for pain and suffering are pecuniary and thus not precluded in this case. *See Vaughn v. Am. Com. Barge Line, LLC*, 672 F. Supp. 3d 184, 192 (E.D. La. 2023).

Accordingly, for the foregoing reasons,

IT IS ORDERED that Marquette's motion for partial summary judgment (R. Doc. 20) is GRANTED.

IT IS FURTHER ORDERED that Wilson's claims for loss of enjoyment of life, scarring and disfigurement, and any other non-pecuniary damages are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 27th day of June, 2024.

                                                            _____
                                                            BARRY W. ASHE
                                                            UNITED STATES DISTRICT JUDGE

---

[7] R. Docs. 20 at 2 ("To be clear, Marquette does not dispute that seamen can recover damages for their own pain and suffering in connection with a personal injury under the Jones Act and the General Maritime Law."); 20-1 at 3 n.8 ("Marquette does not dispute that seamen can recover damages for their own pain and suffering in connection with a personal injury under the Jones Act and the General Maritime Law. Rather, Marquette only seeks dismissal of those categories of non-pecuniary damages that are unrecoverable, such as mental anguish and emotional distress and loss of enjoyment of life." (citing *In re Denet Towing Serv., Inc.*, 1999 WL 329698, at *4 (E.D. La. May 21, 1999))).