UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARTARIES WILSON                                              CIVIL ACTION NO: 22-3765

VERSUS                                                         JUDGE: ASHE

MARQUETTE TRANSPORTATION                                       MAGISTRATE: NORTH
COMPANY, LLC

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE**

**MAY IT PLEASE THE COURT:**

**FACTUAL BACKGROUND**

    This litigation involves a Jones Act personal injury matter arising from a maritime accident wherein plaintiff, Chartaries Wilson, sustained injuries during the course and scope of his employment with Marquette Transportation Company, LLC. More specifically, on January 25, 2022, plaintiff was working as a deckhand aboard the M/V ST MATTHEW, an inland tug owned by Marquette, when the captain of the ST MATTHEW, Capt. Anthony Sevin, prematurely engaged the port side winch and tightened the face wire while the vessel was out of position, causing plaintiff to be violently pinned between the vessel's port push knee and the face wire. The Pre-Trial Conference of the above matter took place on July 17, 2024 **and jury trial of this matter is set to commence on October 15, 2024.**

    It is anticipated that defendants may resort to the attempted introduction and/or reference to facts, evidence and argument that will in no way whatsoever aid the jury in reaching a fair and just verdict. It is respectfully submitted that the items set forth below are either irrelevant, inflammatory, or highly prejudicial and lacking in probative value which would aid the trier of fact.

## **LAW & ARGUMENT**

All rulings of this Court should be guided by the principles set forth in the Federal Rules of Evidence, specifically including Articles 401 through 403. Article 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Article 402 simply holds that all relevant evidence is admissible, unless otherwise prohibited, and all evidence which is not relevant is not admissible.

In the instances where the evidence sought to be introduced is considered relevant by this Court, a balancing test set forth in Article 403 must be performed prior to allowance of admission of the evidence. This article commands that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time by needlessly presenting cumulative evidence."

**(1)     Sources of Plaintiff's Medical Funding**

Plaintiff has received an extensive amount of accident-related medical care which has, in part, been funded by his attorneys. While not a true "collateral source" in the literal sense, the funding of a plaintiff's medical treatment by his attorney is akin to the rule, and courts have held that attorney funded medical treatment should be withheld from the jury. In pertinent part, Louisiana Revised Statute 9:2800.27(F) provides the following:

> In a jury trial, only after a jury verdict is rendered may the court receive evidence related to the limitations of recoverable past medical expenses provided by Subsection B or D of this Section. The jury shall be informed only of the amount billed by a medical provider for medical treatment. Whether any person, health insurance issuer, or Medicare has paid or has agreed to pay, in whole or in part, any of a claimant's medical expenses, shall not be

> disclosed to the jury. In trial to the court alone, the court may consider such evidence.

It is anticipated that defendant may attempt to elicit testimony regarding attorney payments for medical care in an attempt to prejudice the jury, and as such, plaintiff seeks an admonition from this Court forbidding any reference to such evidence.

**(2)   Anti-lawyer/anti-lawsuit Sentiment**

Rule 3.4(e) of the Louisiana Rules of Professional Conduct provides:

> A lawyer shall not:
>
> (e) In trial, elude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts and issue, except when testifying as a witness, or state a personal opinion as to the justice of a cause, the credibility of a witness, the culpability of a civil, litigant, or the guilt or innocence of an accused.

In *Adam v. Canal Indemnity Company*, 99-1190 (La. App. 3rd Cir. 5/10/00); 760 So.2d 1190, the Third Circuit upheld the trial court's granting of a Motion in Limine preventing the defendants from referring to the timing and circumstances of employing counsel, and the referral by the plaintiff's counsel to a doctor. Specifically, the Third Circuit in *Adams,* was confronted with the issue that defense counsel was seeking to submit evidence to the jury of plaintiff's counsel being retained prior to a doctor being seen, and plaintiffs counsel actually selecting the doctor providing treatment to the plaintiff. In analyzing the trial court's granting of this Motion in Limine, the Third Circuit unequivocally held that the granting of the Motion in Limine was proper. Based upon traditional notions of fair play, and the danger of extreme prejudice, the Court held that such comments made by defense counsel could not be allowed. Albeit only persuasive, Louisiana state courts have found that utilizing anti-lawyer and anti-lawsuit sentiment is highly prejudicial as it is intended to inflame and prejudice the jury and have ordered that argument should be confined to

the issues of the case.

Based upon the holding in the above jurisprudence, Plaintiff would respectfully request this Honorable Court prohibit the defendants from making any comment or reference as to any anti-lawyer or anti-lawsuit sentiments.

**(3)     Possible Tax Ramifications on Plaintiff**

This Honorable Court should not allow defendant's counsel to suggest to the jury that any recovery by the plaintiff would or would not be subject to federal income taxation or any other form of taxation. (*See* Fed. R. Evid. Arts. 401, 403; 26 U.S.C. § 62, 104; *Scarmardo v. New Orleans Stevedoring Co*., 595 So.2d 1242 (La. App. 4 Cir. 1992); *Harris v. Tenneco*, 563 So.2d 317 (La. App. 4 Cir. 1990); *Schwamb v. Delta Airlines, Inc*., 516 So.2d 452 (La. App. 1 Cir. 1987); *Reeves v. Louisiana and Arkansas Railway Co*., 304 So.2d 370 (La. App. 1 Cir. 1974). This sort of evidence is inherently irrelevant and confusing to jurors. For these reasons plaintiff asks that this Court prohibit defendant from referring to the taxable or non-taxable nature of plaintiff's prospective recovery.

**(4)     Evidence of any Prior Criminal History Should be Excluded**

In Plaintiff's deposition testimony, Chartaries Wilson admitted to a prior misdemeanor charge. He testified that he was apprehended by law enforcement in 2018 for an incident that occurred at a previous place of employment. Specifically, Mr. Wilson stated that there was an incident involving a resident of the nursing home he worked for where he had to restrain the resident to keep him from hurting himself or other employees. Mr. Wilson testified that he was taken to the police station and held in a holding cell for about an hour until he was released. As a result of this incident, Mr. Wilson was charged with a misdemeanor and was to pay a fine. Plaintiff anticipates that defendant may attempt to present evidence, elicit testimony, or otherwise draw

inferences to the jury regarding prior criminal history of Plaintiff.

Federal Rule of Evidence art. 609 controls the use of impeachment of evidence by use of a criminal conviction. This article will only allow such evidence if it involved a felony conviction, or a conviction involving a dishonest act or false statement, that occurred within the previous ten years. However, this article also clearly prohibits such evidence unless "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect."

Federal Rule of Evidence art. 609 also speaks to the issue of probative value versus prejudice:

> Subdivision (a)(1) Requires a court to determine that the probative value of admitting a prior felony conviction outweighs its prejudicial effect to the plaintiff. The test for determining probative value versus prejudice mandates that the trial judge consider the following four factors:
>
> (1) Impeachment value of the prior conviction;
> (2) Proximity and time in the witness' subsequent history;
> (3) Similarity between the past crime and the charged crime;
> (4) Importance of testimony;
> (5) Centrality of the credibility issue.

The Court in *Tate v. Union Oil Co. of California*, 968 F. Supp. 308, 311 (E.D. La. 1997), noted that under the rule now in effect, F.R.E. art. 403 explicitly applies to art. 609 (a)(1). In *Tate*, the defendant did not claim that the plaintiff's previous conviction involved dishonesty or a false statement or that plaintiff made any dishonest representations when answering question about his criminal history during the deposition and that the accident at issue is completely unrelated to the plaintiff's prior felony drug conviction. Thus, the court determined that, 'The unrelated conviction provides minimal probative impeachment value in this regard and poses significant risk of prejudicing or confusing the jury as to the issues in this matter." *Id*.

Federal Rule of Evidence art. 404(b)(1) states that evidence of a crime, wrong, or other act

is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. "The circumstantial use of character evidence is generally discouraged because it carries serious risks of prejudice, confusion and delay." Michelson v. United States, 335 U.S. 469, 476 (1948). Defendant may attempt to introduce evidence of plaintiff's prior arrest in an effort to attack his character. The law and federal jurisprudence are clear that any evidence regarding arrests is clearly inadmissible as any inference to the Plaintiff's criminal background would be clearly more prejudicial than probative as the plaintiff's character is not as issue in this case.

Obviously, the past criminal history of the Plaintiff set forth above drastically fails to reach the level of admissibility under Federal Rules of Evidence. The Defendant can make no valid argument to the court that the plaintiff's arrest or conviction record lends any relevance to the personal injury accident at issue in this case. Plaintiff was up front and honest about his prior arrest which was, to the best of his recollection, resolved six years ago. Introduction of this evidence will do nothing more than create prejudice against the plaintiff by the jury and take their attention away from the evidence at hand. Accordingly, Plaintiff respectfully requests an Order from this Honorable Court admonishing defendant and his counsel from referencing any evidence relating to plaintiff's prior criminal history.

## **CONCLUSION**

Considering the above well-settled principles of law and cited jurisprudence, the defendant should be ordered to refrain from mentioning, eliciting testimony, or introducing evidence relative to the items set forth above. In light of the foregoing, plaintiff respectfully requests an order from this Court **GRANTING** his Motion in Limine excluding the introduction of, and/or reference to, the items of evidence set forth above.

Respectfully submitted:

**SAUNDERS & CHABERT**

*/s/ Henri M. Saunders*
HENRI M. SAUNDERS, LSBA NO. 25236
SCOTTY E. CHABERT, JR., LSBA NO. 30434
6525 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 771-8100
Facsimile: (225) 771-8101
hsaunders@saunderschabert.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2024, a copy of the above and foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Henri M. Saunders*
HENRI M. SAUNDERS